NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DJ NORTH 41ST AVENUE, LLC, *Plaintiff/Appellee/Cross-Appellant*,

*v.*

OMNISOURCE UNITED, INC., *Defendant/Appellant/Cross-Appellee*.

No. 1 CA-CV 23-0597

FILED 10-15-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2020-015278
The Honorable Susan G. White, Judge (*Retired*)

**VACATED AND REMANDED**

---

COUNSEL

Lang Thal King & Hanson PC, Scottsdale
By Michael W. Thal, Mickell J. Summerhays
*Counsel for Plaintiff/Appellee/Cross-Appellant*

The Kozub Law Group PLC, Phoenix
By William A. Kozub, Richard W. Hundley
*Counsel for Defendant/Appellant/Cross-Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S**, Judge:

**¶1** OmniSource United, Inc. ("OmniSource") appeals from the superior court's entry of summary judgment in favor of DJ North 41st Avenue, LLC ("DJ North") on a theory of successor liability for breach of a commercial lease. DJ North cross-appeals the superior court's decision to offset its damage award. For the following reasons, we vacate the superior court's judgment and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** In 2013, ITD Arizona, Inc., dba Interstate Tire Distributor, Inc. ("ITD Arizona") leased a commercial warehouse in Phoenix from DJ North.

**¶3** Three years into the lease, Omni Holdings USA, LLC, which also owns OmniSource, acquired ITD Arizona. As part of the acquisition, ITD Arizona merged into Interstate Tire Distributor, LLC.

**¶4** A year later, DJ North agreed to a lease amendment that substituted Interstate Tire Distributor as the tenant under the lease. The following year, Interstate Tire Distributor sublet the warehouse to a third party. During the sublease, the subtenant paid rent to OmniSource; OmniSource in turn paid rent to DJ North.

**¶5** The subtenant later abandoned the lease. DJ North demanded rent payments from OmniSource. OmniSource agreed to pay and did so from January through June of 2020.

**¶6** Shortly after the subtenant abandoned the lease, DJ North inspected the warehouse and discovered the subtenant had damaged the property. From February through June 2020, DJ North negotiated with OmniSource for reimbursement for the cost of repairs.

**¶7** When negotiations over repair costs broke down, DJ North sued Interstate Tire Distributor for breach of contract. DJ North's second

amended complaint added OmniSource as a defendant to the breach of contract suit.

**¶8** DJ North moved for summary judgment, arguing OmniSource was liable under the lease because it was Interstate Tire Distributor's successor. The superior court granted summary judgment in DJ North's favor but found that OmniSource was entitled to offset. In its final judgment, the superior court reduced DJ North's damages award to account for the offset. The superior court also awarded DJ North fees, costs, and pre-judgment interest.

**¶9** OmniSource timely appealed the final judgment and DJ North timely cross-appealed. We have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10** On appeal, OmniSource argues summary judgment was improper because the superior court's finding of successor liability was based on disputed or erroneous facts. OmniSource also argues DJ North was not entitled to pre-judgment interest. DJ North cross-appeals that OmniSource was not entitled to offset. Because we conclude that summary judgment on successor liability was improper, we do not address OmniSource's pre-judgment interest argument or DJ North's cross-appeal on offset.

**¶11** We review a grant of summary judgment *de novo*, viewing evidence in the light most favorable to the non-moving party. *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 7 (App. 2010).

**¶12** Under the successor liability doctrine, when a corporation sells or transfers its principal assets to a successor corporation, the successor corporation will not be liable for the debts and liabilities of its predecessor unless it (1) expressly or impliedly agreed to assume its predecessor's liabilities; (2) is a merger or consolidated version of its predecessor; (3) is a mere continuation or reincarnation of its predecessor; or (4) transferred the assets for the fraudulent purpose of escaping debt liability. *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 172 Ariz. 324, 329 (App. 1992).

**¶13** The threshold question in successor liability is whether the predecessor corporation sold or transferred assets to the company alleged to be a successor. *See id.* The moving party on summary judgment bears the burden of production. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 15 (App. 2008).

¶14      DJ North moved for summary judgment that OmniSource was liable under the lease as the successor corporation to Interstate Tire Distributor. DJ North thus bore the burden of producing evidence of a transfer of assets from Interstate Tire Distributor to OmniSource. While the record contains some evidence of a transfer of assets between OmniSource and ITD Arizona, nothing shows a transfer of assets between OmniSource and Interstate Tire Distributor.

¶15      DJ North argues we should infer a transfer from (1) OmniSource's admission in separate litigation that it acquired ITD Arizona, and (2) ITD Arizona's merger into Interstate Tire Distributor. But this inference could cut both ways. If the merger occurred before the acquisition, then OmniSource purchased something that was part of Interstate Tire Distributor—thus, a transfer of assets from Interstate Tire Distributor to OmniSource. But if the merger happened after the acquisition, then OmniSource simply bought something that later turned into Interstate Tire Distributor—no assets would have transferred from Interstate Tire Distributor to OmniSource in the process. The record contains no evidence of the date OmniSource acquired ITD Arizona, and none of the acquisition or merger documents relating to that acquisition. DJ North thus failed to meet its burden to show a sale or transfer of assets from Interstate Tire Distributor to OmniSource.

¶16      Summary judgment was improper. The parties' arguments on pre-judgment interest and offset are therefore moot.

**ATTORNEY FEES ON APPEAL**

¶17      Both parties seek attorney fees under A.R.S. § 12-341.01. DJ North seeks costs under A.R.S. § 12-341. OmniSource seeks costs under either A.R.S. § 11-352 or § 12-352, neither of which is a basis for awarding costs. In our discretion, we decline to award fees or costs to either party.

**CONCLUSION**

¶18      We vacate the superior court's judgment and remand for further proceedings.